```
            IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


KENNETH SCOTT MORRISON,

        Petitioner,

v.                                   Case No. 2:09-cv-00207

TERESA WAID, Warden,
Huttonsville Correctional Center,

        Respondent.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On February 27, 2009, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) in the United States District Court for the Northern District of West Virginia. Because Petitioner's conviction occurred in the Circuit Court of Fayette County, West Virginia, on March 9, 2009, the United States District Court for the Northern District of West Virginia transferred the case to this district, which has jurisdiction over Fayette County. The case was docketed and assigned the above-referenced case number. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On May 18, 2009, pursuant to the undersigned's Order, Respondent filed a Response to the Petition (# 21), a Motion for Summary Judgment, with accompanying exhibits (# 22), and a Memorandum in Support (# 23). On May 19, 2009, in accordance with the holding in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the undersigned entered an Order advising Petitioner of his right to file a response to Respondent's Motion for Summary Judgment, and setting deadlines for a response and reply. (# 24).

On May 20, 2009, Respondent filed a Corrected Memorandum of Law in support of her Motion for Summary Judgment. (# 25). Petitioner filed a Response to the Respondent's Motion for Summary Judgment on June 1, 2009. (# 27). Respondent did not file a reply.[1] This matter is ripe for determination.

**STATE COURT PROCEEDINGS**

On May 9, 2007, Petitioner was indicted by a Fayette County grand jury on one count of Sexual Abuse in the First Degree (Count One), one count of Sexual Abuse by a Parent, Guardian, or Custodian (Count Two), and one count of Display to a Minor of Obscene Material (Count Three) (State v. Morrison, Case No. 07-F-092) (# 22, Ex. 1). By Order entered September 11, 2007, Petitioner pled guilty to one count of Display to a Minor of Obscene Material (Count Three), pursuant to the terms of a plea agreement. (Id.,

---

[1] Subsequently, Petitioner attempted to amend his petition and also filed a motion for discovery, both of which have been denied for reasons stated in separate orders.

Ex. 2).  By Order entered October 12, 2007, Petitioner was sentenced to five (5) years in the state penitentiary and fifty (50) years of supervised release.  The court further determined that the crime was sexually motivated and ordered Petitioner to register as a sex offender for life.  (Id., Ex. 3).

On January 24, 2008, Petitioner, by counsel, filed a Petition for Appeal of his conviction and sentence to the Supreme Court of Appeals of West Virginia (the "SCAWV").  (Id., Ex. 4).  The Petition for Appeal was refused by the SCAWV on April 3, 2008. (Id.)

On April 3, 2008, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Fayette County.  (Id., Ex. 5).  On May 27, 2008, the Circuit Court entered an Order addressing the merits of the claims in the petition and denying Petitioner habeas corpus relief.  (Id., Ex. 6).  Petitioner filed a Petition for Appeal from the denial of the Circuit Court habeas corpus petition in the SCAWV on July 10, 2008.  The Petition for Appeal was refused on December 29, 2008.  (Id., Ex. 7).  Petitioner then filed the instant section 2254 petition on February 27, 2009.

Petitioner raises four grounds for relief in his section 2254 petition.  Those grounds are as follows:

1.   Ineffective assistance of counsel.

2.   Register as a sex offender for life.

3.   50 years supervised release.

4.   Failure to turn over transcripts for a fair appeal.

(# 1).

On May 18, 2009, Respondent filed a Motion for Summary Judgment concerning the four claims raised in Petitioner's section 2254 petition (# 22) and a Memorandum in support thereof (# 23). On May 20, 2009, Respondent filed a "Corrected Memorandum," correcting the reference to certain exhibits cited in the Memorandum (# 25). The undersigned will cite to the "Corrected Memorandum" herein.

## **STANDARD OF REVIEW**

Title 28 U.S.C. § 2254(d), which was adopted as part of the Anti-terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court held that under the "contrary to" clause, a federal court may grant a writ of habeas corpus with respect to claims adjudicated on the merits in state court only if (1) the state

4

court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) if the state court decides a case differently from the Supreme Court on a set of materially indistinguishable facts.  The Court further held that under the "unreasonable application" test, a federal court may grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court only if the state court identifies the correct governing principle from the Supreme Court's decision, but unreasonably applies that principle to the facts of the prisoner's case.  Id. at 413.

Moreover, the AEDPA contains a presumption that a state court's factual findings are correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus proceedings.  See, *e.g.*, Blackledge v. Allison, 431 U.S. 63, 81 (1977); Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991).  Entry of summary judgment is appropriate when there is "'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Rule 56(c), Fed. R. Civ. P.).

## ANALYSIS

**A.    Ground One - Ineffective Assistance of Counsel.**

In Ground One of his federal petition, Petitioner asserts that his trial counsel "failed to represent the Petitioner to the best of his abilities and failed to keep Petitioner properly informed about the case." (# 1 at 4). The petition and the brief in support thereof do not address this claim in any further detail.

As noted by Respondent, the Circuit Court found as follows concerning this claim:

> The Court having reviewed the court file in this matter and the sworn testimony of the Petitioner during the criminal proceedings, finds that the Petitioner, under oath, indicated satisfaction with his counsel and at no time indicated dissatisfaction with the trial counsel in this matter. Therefore, the Court finds that [this claim] is not valid and does not form a basis for any relief.

(# 22, Ex. 6 at 1).

In <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), the Supreme Court adopted a two-prong test for determining whether a defendant received adequate assistance of counsel. A defendant must show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Id.</u> at 687-91. Moreover, "judicial scrutiny of counsel's performance must be highly deferential." <u>Id.</u> at 689. Furthermore, the AEDPA "adds a layer of respect for a state court's application of the legal standard."

6

Holman v. Gilmore, 126 F.3d 876, 881 (7th Cir. 1997).

As further noted by Respondent, in Hill v. Lockhart, 474 U.S. 52 106 (1985), the Supreme Court held that Strickland's prejudice standard applies to a guilty plea the same as a conviction by trial. The Court held that prejudice resulting from ineffective assistance of counsel was a question of "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." 474 U.S. at 59. The Court further held that prejudice results if "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. (# 25 at 7).

Respondent's Memorandum further asserts:

> In this instance, Petitioner does not argue how trial counsel was ineffective. Petitioner argues only that trial counsel did not keep him "informed." (Petition at 4). However, Petitioner does not explain what information trial counsel failed to provide that would have caused him to choose a trial over the plea offer.
>
> Without a showing on both points, Petitioner cannot prevail on this claim. Moreover, the plea hearing reveals that Petitioner was fully informed on not only the consequences of the plea but the reasons the State was willing to negotiate the plea. The prosecutor stated during the hearing that the victim was a traumatized, nervous child who was not capable of enduring a trial and having to face Petitioner in the courtroom. (Resp't Ex. 9 at 5.)
>
> If Petitioner did argue both points, he would still be required to demonstrate prejudice flowing from the plea. Such a showing would be required to consider the "totality of the evidence before the judge or jury." Strickland, 466 U.S. at 695. Or in this case, the totality of the evidence available to the State for obtaining a conviction. A verdict "only weakly supported

7

>   by the record is more likely to have been affected by errors than one with overwhelming record support." Id. at 696.
>
>   Although the State did inform the court that the victim was profoundly traumatized, there are methods under West Virginia statute whereby the victim's testimony could have been admitted at trial without his presence in the courtroom.
>
>   Under West Virginia statute, the State can move to have the victim's testimony admitted by closed circuit television. W. Va. Code § 62-6B-3. So long as the victim's testimony could be admitted, there would be sufficient evidence to convict. See, e.g., Loblein v. Dormire, 229 F.3d 724, 726 (8th Cir. 2000); United States v. Gabe, 237 F.3d 954, 961 (8th Cir. 2001)(holding that "a victim's testimony alone is sufficient to persuade a reasonable jury of the defendant's guilt beyond a reasonable doubt" in an abusive sexual contact case).
>
>   In light of the State's ability to convict and expose Petitioner to an additional six to twenty-one year sentence, Petitioner is under a heavy burden of showing how any additional information would have led him to demand a trial. [Footnote omitted]. However, Petitioner has failed to argue or demonstrate how trial counsel's deficient performance led him to choose a plea to his detriment.
>
>   Given Petitioner's complete lack of supporting argument as well as the record in this case, Petitioner has failed to rebut the presumption that the findings of the habeas court were correct.

(Id. at 7-9).

In a footnote omitted above, Respondent points out that, even if Petitioner were granted habeas relief on this claim, such relief would not exonerate him. Rather, a reversal of Petitioner's conviction would only restore the parties to their original positions, and Petitioner would be facing a trial on all of the charges initially brought against him, and, potentially, a much

8

longer sentence. (Id. at 8 n.2).

The undersigned proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that his counsel's performance was constitutionally ineffective. Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the state habeas courts' decisions denying Petitioner habeas corpus relief on this claim were neither contrary to, nor an unreasonable application of, clearly established federal law, and that Respondent is entitled to judgment as a matter of law on Ground One of Petitioner's section 2254 petition.

**B. Grounds Two and Three - Sentencing Issues.**

In Grounds Two and Three of his federal petition, Petitioner claims that the Circuit Court's inclusion of a 50 year term of supervised release and a requirement of lifetime sex offender registration are not provided for by state statute. Petitioner's federal petition does not assert any specific federal constitutional violation arising out of these sentencing provisions.

Nevertheless, Respondent has conceded that there is no legal basis for either the 50 year supervised release provision or the lifetime sex offender registration. Consequently, Respondent contacted the trial judge and an amended sentencing order was entered on May 15, 2009. The amended sentencing order vacated the 50 year supervised release provision and modified the term for sex offender registration to 10 years, in accordance with West Virginia

Code §§ 62-12-26, 15-12-2, 15-12-2a and 15-12-4.

Respondent's Memorandum further states that the trial court complied with the statute and case law making the requisite findings on the record before imposing the sex offender registration requirement as a condition of sentencing. As a result, Respondent asserts that Petitioner's claims regarding his sentence are mooted by the amended sentencing order. (# 25 at 9).

On June 1, 2009, Petitioner filed a "Answer in Response" to Respondent's Motion for Summary Judgment (hereinafter "Petitioner's Response"), which addresses his claims on these two sentencing issues. The Response states in pertinent part:

> Since the respondent has conceded and admits to grounds two and three, petitioner seeks relief in not being required to register as a sex offender because it wasn't the State Legislature's intent to include this offense in the class of offenses enumerated in the registration laws. It would have specifically written such in the statutes had they intended to include it in the list of offenses requiring registration. Whalen, supra, (2) states that "the statutory language defining "sexual motivation" must be read and applied strictly and narrowly to assure that an offenses's gravity, dangerousness, and sexually illicit nature is comparable to that of specific offenses that are identified in West Virginia Code 15-12-2(b)(2001)." The offense the petitioner pled to is not one of the offenses identified in this code and cannot be required to register as a sex offender.
>
> Counsel for defense acknowledges on page 8, line 20 to 24, that the offense pled to "is not, 'per se' a sexual offense . . ., that falls under the sexual offender registration statutes." Then the sentencing judge admits on page 48, lines 4 thru 7, and "finds that the offense of displaying to a minor of obscene matter is not one of the designated offense that is subject to automatic treatment under the Sexual Offender Registration Act."

10

\* \* \*

Petitioner seeks relief in not being required to register as a sex offender because the offense he pled to is not one included in the offenses that require registration. That requiring him to register as a sex offender will be to his detriment and cause him difficulties in finding housing and employment.

\* \* \*

Petitioner states from St. [sic; State] ex. rel. Cogar v. Haines, 154 W. Va. 805, 180 S.E.2d 492 (1971), "a sentence at variance with statutory requirements is void." That the sentence is actually void, but the relief differs in that of the registration requirement does not apply to your Petitioner, and is not to be applied. Subsequently, there is no Legislative intent intended to provide this offense to be required to register at all. Petitioner seeks this portion of the sentence removed or voided.

(# 26 at 1-3).

Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under section 2254. Estelle v. McGuire, 502 U.S. at 67-68 ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); Weeks v. Angelone, 176 F.3d 249, 262 (4th Cir. 1999)("Therefore, when a petitioner's claim rests solely upon an interpretation of state case law and statutes, it is not cognizable on federal habeas review."); Wainwright v. Goode, 464 U.S. 78, 83 (1983)(per curiam)("it is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.") The claims Petitioner has raised about the requirement to register as a sex offender are matters of state law, subject to the interpretation of

the state courts.

Furthermore, the state court's interpretation of the sex offender registration statute is conclusive and binding on the federal court. See Wainwright v. Goode, 464 U.S. 78, 84 (1983); Garner v. Louisiana, 368 U.S. 157, 169 (1961)("the views of the state's highest court with respect to state law are binding on the federal courts."); Faircloth v. Finesod, 938 F.2d 513, 517 n.9 (4th Cir. 1991)("This court is bound by the state court's interpretation [of a state statute], and must assume that the statute says what the state court says it says.") This concept was recently reiterated in a ruling on a section 2254 petition filed in the Northern District of West Virginia: "The determination of the intent of the Legislature of the State of West Virginia is solely within the province of the West Virginia Supreme Court of Appeals and its subordinate courts, not with the federal courts. It is not the role of the federal judiciary to contradict the state courts on their law." Jones v. Painter, 140 F. Supp.2d 677, 679 (N.D. W. Va. 2001)(Broadwater, J.). The Jones court further stated: "Claims that a state court misapplied its own statutes are not proper for litigation on federal habeas corpus." Id.

Petitioner raised these claims in his direct appeal, which was denied by the SCAWV. Accordingly, this court cannot grant Petitioner habeas corpus relief on his claims in Grounds Two and Three.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's claims for relief in Grounds Two and Three are not cognizable in federal habeas corpus and that Respondent is entitled to judgment as a matter of law on both of those grounds.

### C. Ground Four - Transcripts.

In Ground Four of his federal petition, Petitioner alleges that the state court did not provide him with the transcripts needed to perfect his direct appeal in a timely manner. (# 1 at 5). The state habeas court made the following finding on this claim:

> The Court [finds] that there is no requirement that a complete transcript be prepared prior to submission to the West Virginia Supreme Court of Appeals for a Petition for Writ of Error. This court has no way of knowing the basis upon which appellate review was rejected.

(# 22, Ex. 6 at 2).

Respondent contends that Petitioner has neither argued nor demonstrated how the ruling of the habeas court was a misapplication of controlling federal precedent nor has Petitioner cited to federal precedent that supports this claim. Respondent further asserts that the claim raises no federal issue and, thus, is not cognizable in federal habeas corpus. (# 25 at 10-11).

Petitioner's Response addresses this claim as follows:

> With respect to respondent[']s statement in answer to ground 4, regarding transcripts having not been provided to your petitioner, it has just now come to light, newly discovered evidence upon the record that your petitioner[']s confrontation rights have been abridged

>    and testimony tainted beyond repair. A full disclosure of the record has not been provided you nor your petitioner requiring this court to order the record to be presented to this court in full, including a video recording that has not been transcribed and was used to persuade your petitioner into his plea. The lower court failed to protect the right of the victim and your petitioner in not providing a Guardian Ad Litem to represent the best interests of the child and your petitioner. West Virginia Code § 49-6-2(a) is to be read in para materia with other related statutes and requires that a child accused of being abused must be appointed an attorney to represent them to protect them from private, unrestrained interviews, which [is] also consistent with protection of a defendant[']s confrontation rights, Burdette v. Lobban, 174 W. Va. 120, 323 S.E.2d 601 (1984). The record that has been provided him thus far indicates private interviews by the Social Worker, by the prosecuting attorney (page 5, Lines 10 thru 23), shows that the prosecutor interviewed and "went over the case with the victim," relief is to an end that protects children from private interrogations that will undoubtedly taint and destroy evidence either culpable or exculpatory in nature. The evidence in the present case had been destroyed and retrial impossible. The Petitioner does not seek to reverse this conviction but to be treated according to the law. The victim was inadvertently allowed to view a video of a pornographic film with both adults present.

(# 26 at 2-3).

As previously explained in the undersigned's September 9, 2009 Order denying the Motion to Amend Petition, the Confrontation Clause protects the right of an accused to confront and cross-examine his accusers. The fact that the minor victim in Petitioner's case gave a statement without having been appointed a guardian <u>ad</u> <u>litem</u> does not violate Petitioner's federal constitutional rights. At most, it violated a state procedural rule that is in place to serve the interests of the minor victim,

not Petitioner.[2] Furthermore, when Petitioner chose to plead guilty, he waived his right to a jury trial, the right to confront and cross-examine the witnesses against him, and the privilege against self-incrimination. Therefore, he cannot rightfully state a Confrontation Clause claim. Moreover, Petitioner has not demonstrated any federal constitutional violation resulting from the alleged failure to provide him with the transcripts from his criminal proceedings.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has not stated a claim that is cognizable in federal habeas corpus, and that Respondent is entitled to judgment as a matter of law on the claim[s] stated in Ground Four of Petitioner's federal petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion for Summary Judgment (# 22), **DENY** Petitioner's section 2254 petition (# 1), and dismiss this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

---

[2] From the undersigned's review of W. Va. Code § 56-4-10, the code section cited by Petitioner, it appears that this state statute is not applicable in the criminal context, where the minor victim is not a party to the proceedings, but rather just a witness. See W. Va. Code § 56-4-10 (applicable in cases in which a infant or insane person is a party to the proceedings). In the criminal context, the parties are the State and the defendant.

Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

    December 14, 2009                                  *Mary E. Stanley*
           Date                                       Mary E. Stanley
                                                       United States Magistrate Judge